UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT DIGIAN , <br><br>       Plaintiff, <br><br>  v. <br><br>JOHN SIDNEY MCCAIN, III <br>BARACK HUSSEIN OBAMA, JR., <br><br>       Defendants. | Civil Action No. 1:08-cv-00686-HHK |

**MOTION TO DISMISS OF SENATOR BARACK OBAMA**

Defendant Senator Barack Obama, through counsel, respectfully moves to dismiss the

Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).   The grounds

for this motion are set forth in defendant's Memorandum in Support of his Motion, which

defendant incorporates herein by reference.


Dated: August 1, 2008

Respectfully submitted,

**PERKINS COIE** LLP


By: /s/ Robert F. Bauer
    Robert F. Bauer
    D.C. Bar No. 938902
    rbauer@perkinscoie.com
607 Fourteenth Street N.W.
Washington, D.C.  20005-2003
Telephone:  202.628.6600
Facsimile:  202.434.1690

*Attorney for Defendant Barack Obama*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT DIGIAN , <br><br>                  Plaintiff, <br><br>     v. <br><br> JOHN SIDNEY MCCAIN, III <br> BARACK HUSSEIN OBAMA, JR., <br><br>                  Defendants. | Civil Action No. 1:08-cv-00686-HHK |

**MEMORANDUM IN SUPPORT OF**
**SENATOR BARACK OBAMA'S MOTION TO DISMISS**

This complaint fails to establish subject matter jurisdiction and to state a claim upon

which relief can be granted.  Accordingly, the Court should dismiss the complaint with

prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

**BACKGROUND**

Plaintiff Robert DiGian, *pro se*, alleges that John McCain and Barack Obama have

"conceal[ed] . . . a felony Domestic Terrorist Hate Crime, on domestic soil."  Compl. ¶ 1d

(emphasis omitted).  This crime, plaintiff contends, was "ordered by the other 2008 leading

presidential candidate, Hillary Rodham Clinton," *id*. ¶ 1h (emphasis omitted), "executed

against the Vietnam Veterans Church and Rest Home," *id*. ¶1w, and involved a "missile

attack, after a failed dirty-tricks demolition hit," *id*.; *see also id*. ¶ 20.   The alleged hate

crime followed "bimbo eruptions" involving President Bill Clinton and "hit squads"

---

[1] To the extent plaintiff seeks to proceed *in forma pauperis*, the complaint must also be dismissed because it is patently frivolous.  28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (when the facts alleged are irrational or wholly incredible, a complaint is frivolous and warrants dismissal).

orchestrated by "Commissioner [Hillary] Clinton." *See* Compl. ¶¶ 1l-1s.  Plaintiff asks this

Court to declare Senator McCain and Senator Obama unfit for the position of Commander of

Chief "while the nation subsists under a war footing." *Id*. at 24 (emphasis omitted).

**ARGUMENT**

I.    **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)**

Senator Obama moves for dismissal under Rule 12(b)(1), as the complaint fails to

establish jurisdiction, and under Rule 12(b)(6), as the complaint fails to state a claim upon

which relief can be granted.

A.    **Legal Standard**

"[On] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of

persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."

*Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule

of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson*,

120 F. Supp. 2d at 81.  "The court is not required, however, to accept inferences unsupported

by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*,

154 F. Supp. 2d 61, 64 (D.D.C. 2001).  Moreover, the court need not limit itself to the

allegations of the complaint, but rather may consider such materials outside the pleadings as

it deems appropriate to resolve the question whether it has jurisdiction in the case. *Id*.

To withstand a motion to dismiss under Rule 12(b)(6), the plaintiff must state a claim

upon which relief can be granted.  "[A] plaintiff's obligation to provide the grounds of his

entitle[ment] to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65, 1974 (2007) (internal quotations and citation omitted; alteration in original); *Shirk v. Garrow*, 505 F. Supp. 2d 169, 172-73 (D.D.C. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965 (internal citations omitted). The court must construe the factual allegations in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, as with a Rule 12(b)(1) motion, "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1276; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the complaint must state a *plausible* claim for relief. *Smith v. Shimizu*, 544 F. Supp. 2d 15 (D.D.C. 2008) (citing *Twombly*, 127 S.Ct. at 1968).

While *pro se* pleadings enjoy liberal construction, they must still conform to the minimal requirements of the Federal Rules of Civil Procedure. *See Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007); *Smith*, 544 F. Supp. 2d at 16. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks to obtain. Fed. R. Civ. P. 8(a). "The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a

responsive answer, to prepare an adequate defense and to determine whether the doctrine of

*res judicata* applies." *Gomis v. U.S.*, 2008 WL 2339463 (D.D.C., June 6, 2008) (citing

*Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

**B.      The Complaint Fails to State a Claim upon which Relief can be Granted and Fails to Establish this Court's Jurisdiction**

This complaint utterly fails to comply with the requirements of Rule 8.  Even viewing

the complaint in the most generous manner possible, it lacks "a short and plain statement

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Gomis*, 2008 WL

2339463.  Plaintiff identifies no constitutional or statutory provision that has been violated by

defendants, or that provides him a private right of action.  Nor does he demand relief that is

within the court's power to grant.  In short, the allegations presented—that Senator McCain

and Senator Obama launched a missile attack at Senator Clinton's direction—simply fail to

"state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127

S.Ct. at 1974.  Therefore, plaintiff's complaint must be dismissed pursuant to Rule 12(b)(6).

Plaintiff also fails to establish the court's jurisdiction.  He does not provide "a short

and plain statement of the grounds upon which the court's jurisdiction depends," Fed. R. Civ.

P. 8(a), nor does he establish his own standing to sue.  Plaintiff must satisfy three elements to

meet the constitutional requirements for standing.  *First*, he must demonstrate that he has

suffered an "injury in fact,"—*i.e.,* an invasion of a legally-protected interest that is "concrete

and particularized" and "actual or imminent," not "conjectural or hypothetical." *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted).

*Second*, he must establish "a causal connection between the injury and the conduct

complained of—the injury has to be 'fairly trace[able] to the challenged action of the

defendant, and not . . . th[e] result [of] . . . some third party not before the court." *Id.* at 560 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). *Third*, he must show a substantial likelihood that the requested relief will be redressed by a favorable decision; mere speculation is not enough. *Id.*; *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180-81 (2000); *Sierra Club v. EPA*, 292 F.3d 895 (D.C. Cir. 2002). Plaintiff fails to meet any of these requirements: He does not allege that he personally suffered any injury, that that injury was caused by defendants, or that it can be redressed by a decision from this court. Because plaintiff has not established standing, the complaint should be dismissed pursuant to Rule 12(b)(1).

## CONCLUSION

For the reasons stated, this Court should dismiss plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Dated: August 1, 2008

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Robert F. Bauer
    Robert F. Bauer
    D.C. Bar No. 938902
    rbauer@perkinscoie.com
607 Fourteenth Street N.W.
Washington, D.C.  20005-2003
Telephone:  202.628.6600
Facsimile:  202.434.1690

*Attorney for Defendant Barack Obama*

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Motion to Dismiss and Proposed Order

on this 1st day of August, 2008, by first class mail, on the following parties:

Robert DiGian, *pro se*
1124 Green Street
Marcus Hook, Pennsylvania 19061


Robert P. Howard, Jr.
LECLAIR RYAN
1101 Connecticut Avenue, NW
Suite 600
Washington, DC 20036
(202) 659-6707
Fax: (202) 659-4130
Email: rhoward@leclairryan.com


Dated: August 1, 2008

Respectfully submitted,

**PERKINS COIE LLP**


By: /s/ Robert F. Bauer
    Robert F. Bauer
    D.C. Bar No. 938902
    rbauer@perkinscoie.com
607 Fourteenth Street N.W.
Washington, D.C.  20005-2003
Telephone:  202.628.6600
Facsimile:  202.434.1690

*Attorney for Defendant Barack Obama*

63920-0001/LEGAL14498275.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT DIGIAN ,

                    Plaintiff,                  Civil Action No. 1:08-cv-00686-HHK

      v.

JOHN SIDNEY MCCAIN, III
BARACK HUSSEIN OBAMA, JR.,

                    Defendants.

## [PROPOSED] ORDER GRANTING THE MOTION TO DISMISS OF DEFENDANT SENATOR BARACK OBAMA.

Upon consideration of the Motion to Dismiss of Defendant Senator Barack Obama, it is

hereby ORDERED that the motion is GRANTED, and the case is DISMISSED.

ENTERED this ___ day of _____ 2008.

_____

HENRY H. KENNEDY

United States District Judge