UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT DIGIAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN SIDNEY MCCAIN, III, and<br>BARACK HUSSEIN OBAMA, JR.<br><br>　　　　　Defendants. | Case No: 1:08-cv-00686-HHK |

### DEFENDANT JOHN McCAIN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant, John McCain ("Defendant"), by counsel, and pursuant to Federal Rule of Civil Procedure 12 (b)(6), moves to dismiss the Complaint because Plaintiff lacks standing, and because the Complaint fails to state a claim upon which relief can be granted. The grounds for this Motion are set forth fully in the accompanying Memorandum in Support.

Date: July 31, 2008

Respectfully submitted,

/s/ Robert P. Howard, Jr.

Robert P. Howard, Jr. (DC Bar # 456449)
Lee E. Goodman (DC Bar # 435493)
LeClairRyan, a Professional Corporation
1101 Connecticut Ave., NW, Suite 600
Washington, District of Columbia 20036
Phone: (202) 659-6707
Facsimile: (202) 659-4130

*Counsel for Defendant, John McCain*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT DIGIAN,<br><br>                Plaintiff,<br><br>v.<br><br>JOHN SIDNEY MCCAIN, III AND<br>BARACK HUSSEIN OBAMA, JR.<br><br>                Defendants. | Case No: 1:08-cv-00686-HHK |

**ORDER GRANTING MOTION TO DISMISS**

This matter is before the Court on Defendant John McCain's Motion to Dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons stated in the Motion, it is hereby ORDERED that Defendant's Motion to Dismiss is GRANTED, and that this case is DISMISSED WITH PREJUDICE.

THIS IS A FINAL ORDER.

Enter:


_____         _____
Date                                                              Henry H. Kennedy
                                                                          United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of August, 2008, I electronically filed Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, and that I sent copies of the Motion, via first class mail, postage prepaid, to:

>Robert DiGian
>1124 Green Street
>Marcus Hook, Pennsylvania 19061
>
>*Plaintiff, pro se*
>
>and
>
>Robert F. Bauer, Esq.
>Perkins Coie
>607 Fourteenth Street
>Washington, District of Columbia 20005
>
>*Counsel for Defendant. Barack Obama.*

>>/s/ Robert P. Howard, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT DIGIAN,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN SIDNEY MCCAIN, III, and<br>BARACK HUSSEIN OBAMA, JR.<br><br>            Defendants. | Case No: 1:08-cv-00686-HHK |

**MEMORANDUM IN SUPPORT OF DEFENDANT JOHN McCAIN'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, John McCain ("Defendant"), by counsel, has moved the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12 (b)(6), because Plaintiff lacks standing, and because the Complaint fails to state a claim upon which relief can be granted. In support of his Motion, Defendant submits this Memorandum.

**INTRODUCTION**

In a "Complaint for Special Extraordinary Emergency Relief," Plaintiff seeks to disqualify Senators John McCain and Barack Obama (together, "Defendants") as candidates for President of the United States. Compl. ¶1a. The alleged factual basis for Plaintiff's Complaint is his contention that Defendants concealed "a felony HATE CRIME . . . of a third (3rd) leading presidential candidate, Hillary Rodham Clinton, who did order the actual commissioned [sic] of a felony HATE CRIME cognizable by a court of the United States." *Id.* (emphasis in original). According to Plaintiff, Senator Clinton committed the hate crime when she ordered a missile strike that allegedly was executed on October 26, 1996, on a "Vietnam Veterans Church & Rest Home" in Philadelphia, Pennsylvania. *Id*. ¶1s. Plaintiff avers that Senator Clinton's motive was

to silence "the Veterans activist arm, Lawtech, [that] was relentlessly prosecuting Bill Clinton from offices inside the facility to have Clinton removed with a retroactive nullification of his **de facto** held office of President . . . ." *Id.* ¶1x (emphasis in original). Plaintiff claims that Senator Clinton developed her plan jointly with then-President Clinton, while the Clintons were living in the White House; that the conspiratorial conversations allegedly "were tapped by the Israeli Mossad;" and that then-President and Mrs. Clinton were assisted in their ploy by "a certified Democratic Party expert Demolitionist & Mad Bomber," then-Philadelphia Mayor Edward Rendell. *Id.* ¶1y.

As a threshold matter, even if Plaintiff's Complaint stated a claim (it does not), Plaintiff lacks standing to bring it, because there is no private right of action to enforce the sole statute he attempts to invoke. Moreover, under Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state a claim upon which relief can be granted, because Plaintiff has not alleged facts sufficient to establish the existence of a legal duty for Defendants to report Plaintiff's allegations regarding the supposed "domestic terrorist hate crime." For these reasons—and for the reasons expressed in Senator Obama's Motion to Dismiss and Memorandum in Support, which Defendant adopts and incorporates in this Memorandum—the Court should dismiss the Complaint with prejudice.

## ARGUMENT AND AUTHORITIES

A.  **Plaintiff Lacks Standing To Bring This Complaint**

Plaintiff lacks standing because, as a matter of law, there is no private right of action to enforce criminal statutes—including 18 U.S.C. § 4, the only statute Plaintiff purports to invoke. *Keyter v. Bush*, 2004 U.S. Dist. LEXIS 29046, *8 (D.D.C. 2004) (no private right of action to enforce 18 U.S.C. § 4 and other criminal statutes), *reh'g denied*, 2005 U.S. App. LEXIS 7116

(D.C. Cir., Apr. 25, 2005), *cert. denied*, 126 S. Ct. 386, 163 L. Ed. 2d 171 (2005); *Keyter v. McCain*, 2006 U.S. Dist. LEXIS 1484, *12 (D. Ariz. Jan. 13, 2006) (same), *affirmed*, 2006 U.S. App. LEXIS 28494 (9th Cir. Nov. 15, 2006).  Because Plaintiff does not have standing to maintain this lawsuit, the Court should dismiss the Complaint with prejudice.

**B.**      **The Complaint Fails To State A Claim Upon Which Relief Can Be Granted**

Assuming *arguendo* that Plaintiff has standing to maintain this lawsuit (he does not), the Court should dismiss the Complaint pursuant to Rule 12(b)(6) because it fails to allege facts sufficient to entitle Plaintiff to relief.

### 1.    *Legal Standard*

Rule 12(b)(6) requires a plaintiff to state a claim upon which a court can grant relief. Fed. R. Civ. P. 12(b)(6).  This requires the plaintiff to plead facts that entitle him to the relief he seeks.  In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must assume the truth of the plaintiff's factual allegations, and construe all factual inferences in the light most favorable to the plaintiff, *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004), but the factual allegations still must rise "above the speculative level." *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955, 1965 (2007).

### 2.    *Plaintiff Has Failed To Allege Sufficient Facts To Establish The Existence Of A Legal Duty To Report His Report Of The Alleged "Domestic Terrorist Hate Crime"*

Plaintiff avers that "on or about the Ides of March 2008," he "did serve **NOTICE** on campaign agents" of Defendants that then-President and Mrs. Clinton "did order the actual commission of a felony HATE CRIME in the nature of an act of war against the Vietnam Veterans Church & rest home."  Compl. ¶15, Ex. P-1 (emphasis in original).  According to Plaintiff, Defendants' failure to report his report "as soon as possible . . . to some judge or other

3

person [in] civil or military authority under the United States" constituted violations of 18 U.S.C. § 4.  Compl. ¶A.

First, Plaintiff's alleged deliveries of a two-page document to unidentified persons supposedly working in local campaign offices in Pennsylvania are insufficient to constitute actual notice to Defendants.  Second, even if Plaintiff's document actually had been received by Defendants, its unsubstantiated claims are not sufficient to impute "knowledge of the actual commission of a felony" to the Defendants.  Disposing of an identical claim against Senator Sam Brownback, the United States Court of Appeals for the Tenth Circuit held:

> While § 4 makes it a crime to conceal or fail to make known the commission of a felony, it applies only to those "having knowledge of the actual commission of a felony." * * * The only basis for Senator Brownback's alleged knowledge is the letter Mr. Schoenrogge wrote to him.  Accusations against third parties in a letter are insufficient to provide knowledge of the actual commission of a felony, and therefore cannot create a duty.

*Schoenrogge v. Brownback*, 255 Fed. Appx. 307, 2007 U.S. App. LEXIS 26800 (10th Cir. 2007) (citing *United States v. Baez*, 732 F.2d 780, 782 (10th Cir. 1984) (an element of liability under 18 U.S.C. § 4 is "full knowledge" that felony has been committed)).

For these reasons, Plaintiff has failed to allege facts sufficient to establish the existence of a legal duty to report the "domestic terrorist hate crime" he alleges took place twelve years ago in Philadelphia.  The Court should dismiss the Complaint accordingly.

## CONCLUSION

Plaintiff lacks standing to maintain this action, and his Complaint fails to allege facts which, even if true, entitle him to the relief he seeks.  For these reasons, and for the reasons stated in Senator Obama's brief, Defendant urges the Court to dismiss the Complaint with prejudice.

Date:  August 1, 2008                              Respectfully submitted,


                                               /s/  Robert P. Howard, Jr.

Robert P. Howard, Jr. (DC Bar # 456449)
Lee E. Goodman (DC Bar # 435493)
LeClairRyan, a Professional Corporation
1101 Connecticut Ave., NW, Suite 600
Washington, District of Columbia 20036
Phone: (202) 659-6707
Facsimile: (202) 659-4130

*Counsel for Defendant, John McCain*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of August, 2008, I electronically filed Defendant's Memorandum in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system, and that I sent copies of the Motion, via first class mail, postage prepaid, to:

> Robert DiGian
> 1124 Green Street
> Marcus Hook, Pennsylvania 19061
>
> *Plaintiff, pro se*
>
> and
>
> Robert F. Bauer, Esq.
> Perkins Coie
> 607 Fourteenth Street
> Washington, District of Columbia 20005
>
> *Counsel for Defendant, Barack Obama.*

                                          /s/  Robert P. Howard, Jr.