UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT DiGIAN,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN SIDNEY McCAIN III<br><br>  and<br><br>BARACK HUSSEIN OBAMA,<br><br>    Defendants. | Civil Action 08-00686  (HHK) |

**MEMORANDUM**

  Plaintiff, Robert DiGian, proceeding *pro se*, initiated this suit by filing a complaint on April 21, 2008, styled "COMPLAINT FOR EXTRAORDINARY SPECIAL RELIEF." Referring to the then-ongoing campaign for the presidency of the United States, DiGian complaint requests, among other things, and there are many such things, that "this court . . . disqualify two (2) leading 2008 presidential candidates MCCAIN and OBAMA that are accused of concealing a felony HATE CRIME, supported by substantial and credible evidence, of a third (3rd) 2008 presidential candidate, Hillary Rodham Clinton, who did order the actual commissioned [sic] of a felony HATE CRIME cognizable by a court of [the] United States. Compl. I.1a.  In his prayer for relief, DiGian requests that "[t]his Court extend its long arm reach and so render a Declaratory Judgment declaring that [Barack Obama and John McCain] are <u>unfit</u> for Commander in Chief of the United Sates Armed Forces while the nation subsists under a war footing . . . . Compl. Prayer for Relief.

Before the court are the defendants motions to dismiss [##5,6]. Defendant Obama argues that plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) because it fails to establish the court's jurisdiction or the plaintiff's standing to sue because plaintiff "does not allege that he personally suffered any injury, that that injury was caused by defendants, or that it can be redressed by a decision from this court." Obama Mot. Dismiss at 5. Alternatively, defendant Obama contends that the complaint should dismissed under Fed. R. Civ. P. 12(b)(6) because plaintiff fails to state a claim upon which relief can be granted because "[p]laintiff identifies no constitutional or statutory provision that has been violated by defendants, or that provides him a private right of action . . . [n]or does he demand relief that is within the court's power to grant." *Id*. at 4.

Similarly, defendant McCain maintains that plaintiff lacks standing because "there is no private right of action to enforce criminal statutes — including 18 U.S.C. § 4, the only statute Plaintiff purports to invoke." McCain Mot. Dismiss at 2. Defendant McCain also argues that plaintiff does not state a claim upon which relief can be granted, as he "fail[s] to allege facts sufficient to establish the existence of a legal duty to report the 'domestic terrorist hate crime' he alleges took place . . . . " *Id.* at 4.

Upon consideration of these motions and the entire record of this case, the court concludes that defendants' motions should be granted and the complaint dismissed for the reasons set forth in the points and authorities that accompany the motions. The complaint is also subject to dismissal because it egregiously violates Federal Rule of Civil Procedure Rule 8(a), which requires that a complaint contain a "short and plain statement showing that the pleader is entitled to relief." DiGian's complaint is anything but "short" and "plain."

An appropriate order accompanies this memorandum.

                                                                                         Henry H. Kennedy, Jr.
                                                                                        United States District Judge